Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

CAUSE NO. **C-0519-17-J** _____

| | | |
|---|---|---|
| **DIANA RIOS DE TEMPLE** § | | **IN THE DISTRICT COURT** |
| **PLAINTIFF,** § | | |
| § | | |
| § | | |
| vs. § | | _____ **JUDICIAL DISTRICT OF** |
| § | | |
| § | | |
| **PABLO DIAZ VEGA AND FLETES** § | | |
| **GROUP INTERNATIONAL, LLC** § | | |
| **DEFENDANTS,** § | | **HIDALGO COUNY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE DISTRICT COURT JUDGE:

COMES NOW PLAINTIFFS, DIANA RIOS DE TEMPLE, in the above entitled and numbered cause, complaining of and against Defendants, Pablo Diaz Vega and Fletes Group International, LLC, and for cause of action would respectfully show unto the Court and Jury the following:

### A.  DISCOVERY CONTROL PLAN AND DAMAGES ALLEGATION

1. Plaintiffs intend to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3.

2. Plaintiffs claim damages in excess of $100,000 but not more than $1,000,000.

### B.  PARTIES

3. Plaintiff, Diana Rios De Temple is a resident of Hidalgo County, Texas, whose Social Security # is \*\*\*-\*\*-9817, and Texas Driver's License # is 37679126.

4. Defendant, Pablo Diaz Vega, is an individual who is a resident of 100 José López Portillo, Reynosa, Tamaulipas 88757, Mexico, and may be served with process through Carlos H. Cascos, Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711. This nonresident individual availed himself of Texas jurisdiction by doing business in the state of Texas.

Case 7:17-cv-00077   Document 1-4   Filed on 03/13/17 in TXSD   Page 2 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

5.      Defendant, Fletes Group International, LLC is a Texas corporation, who may be served with process through its registered agent, Raul Prieto, 201 E. Main, Ste. 500, El Paso, Texas 79901.

## C.      JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.  This Court has jurisdiction because the incident occurred in Hidalgo County, Texas.

7.      Venue in Hidalgo County, Texas is proper in this cause.

## D.      FACTUAL BACKGROUND

8.      On or about on November 20, 2015, Pablo Diaz Vega negligently and carelessly turned into Plaintiff, Diana Rios De Temple's lane, striking her vehicle.  As a direct and proximate result of this collision Plaintiff, Diana Rios De Temple suffered physical injuries and resulting damages in an amount in excess of the minimum jurisdictional limits of this court, which were directly and proximately caused by Defendants, Pablo Diaz Vega and Fletes Group International, LLC

## E.      NEGLIGENCE

9.      Defendant, Pablo Diaz Vega had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

10.     Plaintiff's injuries were proximately caused by Defendant, Pablo Diaz Vega's negligent disregard of said duty.

11.     Defendant, Pablo Diaz Vega committed various acts and/or omissions of negligence, which were the proximate cause of the collision in question.  These acts and/or omissions of negligence include but are not limited to the following:

Case 7:17-cv-00077   Document 1-4   Filed on 03/13/17 in TXSD   Page 3 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

a. Failing to keep a proper lookout;

b. Failing to drive within a single lane, a violation of TEX. TRANSP. CODE § 545.060(1)(2)

c. Failing to make a timely an proper application of his brakes;

d. Failing to take evasive action to avoid the collision in question; and

e. Driver inattention.

### F. NEGLIGENCE PER SE

12. Additionally, Defendant, Pablo Diaz Vega violated TEXAS TRANSPORTATION CODE § 545.060(1)(2), which provides as follows:

> Sec. 545.060. DRIVING ON ROADWAY LANED FOR TRAFFIC. (a)An operator on a roadway divided into two or more clearly marked lanes for traffic:
> (1) shall drive as nearly as practical entirely within a single lane; and
> (2) may not move from the lane unless that movement can be made safely.

### G. NEGLIGENT ENTRUSTMENT

13. Further, Plaintiff will show that Defendant, Fletes Group International, LLC negligently entrusted their vehicle to Defendant, Defendant, Pablo Diaz Vega who Defendant, Fletes Group International, LLC knew or should have known was an incompetent or reckless driver. Defendant, Defendant, Pablo Diaz Vega's negligence proximately caused the Plaintiffs' injuries.

### H. DAMAGES

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered personal injuries, and was caused to incur the following damages:

a. Reasonable medical care and expenses in the past within the jurisdiction of the Court. These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas;

b. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 4 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

 e. Physical impairment in the past;

 f. Physical impairment in the future;

 g. Mental anguish in the past;

 h. Mental anguish in the future;

 i. Lost wages in the past;

 j. Loss of earning capacity in the future;

 k. Inconvenience in the past and future;

 l. Loss of use of personal property; and

 m. Loss of personal property.

16. As a direct and proximate result of Defendants, Pablo Diaz Vega and Fletes Group International, LLC's negligence, Plaintiff sustained bodily injuries and incurred expenses for the necessary medical care of their injuries, and in reasonable medical probability will incur future medical expenses. These charges are reasonable and customary with charges made for such services in the county in which they were rendered. Plaintiff has also sustained physical pain, mental anguish and physical impairment and in reasonable medical probability will suffer from physical pain, mental anguish and physical impairment in the future. Plaintiff sues for an amount of damages that a jury in Hidalgo County, Texas believes is fair and reasonable based upon the injuries and damages. Plaintiff reserves the right to amend this pleading to comport with the evidence.

### I. JURY TRIAL

17. Plaintiff demand a trial by jury.

### J. RULE 47 STATEMENT

18. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, damages are within the

4

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 5 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

jurisdictional limits of this Court. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of the Defendants. Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which harms, losses and damages to Defendants of not over $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

### K. U.S. LIFE TABLES

19. Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

### L. INTENT TO USE DEFENDANT'S DOCUMENTS

20. Any document produced by Defendants in response to written discovery will be used by Plaintiff at any pretrial proceeding or trial.

### M. REQUEST FOR DISCLOSURE

21. Plaintiff requests Defendants to disclose, within fifty (50) days of service, the materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, FLETES GROUP INTERNATIONAL, LLC

**INTERROGATORY NO. 1:**
State the name and address of the owner of the tractor trailer involved in the incident forming the basis of this matter.

**ANSWER:**

5

C-0519-17-J

**INTERROGATORY NO. 2:**
State the name and address of any potential party to this lawsuit, not already a party hereto.

**ANSWER:**

**INTERROGATORY NO. 3:**
Describe in detail what damage, if any, was done to your tractor and/ or trailer in the incident, and give the cost of repair, if any.

**ANSWER:**

**INTERROGATORY NO. 4:**
Please describe your understanding of the events leading up to the Incident in question, including but not limited to, where the Incident occurred and what streets Pablo Diaz Vega was driving on immediately before the Incident.

**ANSWER:**

**INTERROGATORY NO. 5:**
Give the date of the last inspection of the subject tractor and or trailer to comply with the state inspection requirements, and give the name of the inspection station that conducted such inspection and the date thereof.

**ANSWER:**

**INTERROGATORY NO. 6:**
If you allege in your Answer that the accident in question was an "unavoidable accident" describe in detail what you contend to be the nonhuman agency or condition that was the cause of the accident to the exclusion of the conduct of any party to the event.

**ANSWER:**

**INTERROGATORY NO. 7:**
If you allege in your Answer that the subject incident was caused in any part by negligence on the part of Plaintiff, please state in general, all facts on which you base that affirmative defense.

**ANSWER:**

**INTERROGATORY NO. 8:**
With respect to the trip that Pablo Diaz Vega was making at the time of the subject Incident, please indicate:

    a. where did the trip originate;
    b. when did he depart from the origination point;
    c. what stops did he make after the origination point up until the Incident;

Case 7:17-cv-00077   Document 1-4   Filed on 03/13/17 in TXSD   Page 7 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

    d. what time did he make the stop referenced in (c) and what time did he get back on the road;
    e. where was his planned destination (both address and name of business)?

**ANSWER:**

**INTERROGATORY NO. 9:**
Describe in detail any conversations you or any representative had at the scene of the collision with anyone, including law enforcement personnel, witnesses, friends of Plaintiff, etc. For each such conversation, state the identity of all involved and any witnesses to said conversation.

**ANSWER:**

**INTERROGATORY NO. 10:**
Has anyone complained to you regarding Pablo Diaz Vega's operation of your vehicles prior to the incident in question? If the answer to the interrogatory is "yes", please identify to who the complaint was made, by whom the complaint was made, the date(s) of any complaints and what was done in response to the complaint(s), if anything.

**ANSWER:**

**INTERROGATORY NO. 11:**
Was the vehicle in this case equipped with any collision warning systems (CWA)? If not, why not? Has your company ever considered utilizing such systems and have you performed any cost/benefit analysis regarding such systems?

**ANSWER:**

**INTERROGATORY NO. 12:**
Please provide the date and circumstances surrounding all vehicular accidents Defendant, Pablo Diaz Vega has been involved in while employed by you or driving on your behalf, as well as all vehicular accidents you have knowledge of prior to this involvement with your company.

**ANSWER:**

**INTERROGATORY NO. 13:**
Please detail all actions taken by your company in investigating the background of Pablo Diaz Vega prior to hiring and/or retaining his services. Include the name, address, and phone number of any/all references and former/previous employers contacted.

**ANSWER:**

**INTERROGATORY NO. 14:**
Please describe any and all training or education in driving trucks provided to Pablo Diaz Vega, whether by your company or any other person or entity. Please provide the dates of such training or education, enumerate the certifications received by Mr. Vega, and whether he required more

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 8 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

than one attempt to pass any testing associated with such training. If not, please detail all education and training you are aware Mr. Vega received from any other facility or company.

**ANSWER:**

**INTERROGATORY NO. 15:**
Please state the full name, address, telephone number, job title, and job description of all persons answering or providing information used in answering these interrogatories.

**ANSWER:**

C-0519-17-J

## **VERIFICATION**

THE STATE OF _____ §
§
COUNTY OF _____ §

BEFORE ME, the undersigned authority, on this day personally appeared _____, representative of Fletes Group International, LLC, known to me to be the person whose name is subscribed to the foregoing Answers to Interrogatories, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and that he has personal knowledge of same.

_____
Representative of Fletes Group International, LLC

GIVEN under my hand and seal of office, this \_\_\_\_\_ day of _____, 2017.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

My Commission Expires: _____

C-0519-17-J

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT, PABLO DIAZ VEGA

**REQUEST FOR PRODUCTION NO. 1:**
All photographs, drawings, pictures, blueprints, and/or other graphic representations video recordings made by any employee or agent of Defendant, any police officer, or witness to the accident of the following items relating to:

   a. the tractor and/or trailer in question and/or any vehicle involved in the incident in question;
   b. contents of the tractor and/or trailer in question;
   c. the scene and/or surrounding area of the incident in question;
   d. physical features at or near the scene of the incident in question, including skid marks, gouge marks, points of impact, debris, and damage;
   e. the general area of the incident in question;
   f. the road and weather conditions that existed at the time of the incident in question;
   g. persons involved in the incident in question;
   h. witnesses to the incident in question;
   i. persons who arrived at the scene after the incident in question; and
   j. any property damage or repairs made to the tractor, trailer, and/or any vehicle involved in the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Any records or documents (medical or non-medical) which would indicate that PABLO DIAZ VEGA consumed or was under the influence of alcohol while operating an automobile or commercial motor vehicle, or was a user of any illegal substance(s) or illegal drug(s) during any time. This would include the results of any drug or alcohol testing, both scheduled or unscheduled, conducted pursuant to Sec. 382 of the FMCSR.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
A copy of any letters that you have received (including any documentation verifying the date of receipt) by any insurance company requesting any records or files relating to Plaintiff, Defendants, and/or the tractor and/or trailer in question, or any physical evidence of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
If Defendant PABLO DIAZ VEGA had access or was in possession of a company cell phone, produce a copy of any cell phone, walkie talkie, or mobile phone records, transcriptions, telephone records, or audio tape recordings of any telephone records, cell phone records, mobile radio records, fax transmissions, or dispatch records regarding any transmission sent or received by PABLO DIAZ VEGA on the day of incident in question; additionally, please execute and return the attached authorization permitting defendant to obtain the cellular phone records for the day in question.

Case 7:17-cv-00077   Document 1-4   Filed on 03/13/17 in TXSD   Page 11 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

**C-0519-17-J**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
A copy of any documentation in your possession regarding the results of any drug or alcohol testing undergone by PABLO DIAZ VEGA in the 72 hours following the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
A copy of the prescription information or label for any prescription medications PABLO DIAZ VEGA was on at the time of the incident in question or had taken in the 24 hours prior to the incident in question, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Produce a copy of any company policies, procedures, or requirements which were in place at the time of the incident in question:

a. the generation or preparation of an incident or accident report following an accident;
b. how to write an incident report;
c. dealing with accepting or denying liability for an incident or accident when preparing an incident or accident report;
d. who a driver is allowed to speak to following an accident or incident;
e. the giving of a statement by the driver;
f. requesting that a representative of the company be present before speaking to anyone or giving a statement;
g. what a driver should or should not do, say, admit to, or sign (or that address a driver's recommended conduct or actions) following a vehicular incident;
h. when, and under what circumstances, an accident, incident report, or report of accident/injury form, was required to be sent to any insurance carrier for the Defendants following an automobile or trucking accident;
i. what internal investigation was required to be performed into the facts, injuries claimed, cause of any automobile or trucking accident, and to determine fault and/or the cause (including the factors to be followed and steps to be followed in determining fault) of any automobile or trucking accident;
j. dealing with actions or corrective measures which were to be taken to discipline, reprimand, retrain, instruct or demote an a driver for Defendant after his involvement in a motor vehicle accident involving property damage or personal injury;
k. any change in any policy or procedure of Defendant made specifically as a result of the incident in question;
l. what individuals were to be notified (and in what order) after a driver of a commercial motor vehicle was involved in a vehicular incident;
m. for a driver involved in an automobile or trucking accident to submit to an alcohol or drug test following the accident; and
n. the use of stimulants by a commercial motor vehicle driver hauling freight or working for FLETES GROUP INTERNATIONAL, LLC

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 12 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
A copy of the entire claim and investigation file (including copies of the front and back covers) of FLETES GROUP INTERNATIONAL, LLC its representatives, or agents, regarding the incident in question (and damages associated with the accident) made or acquired prior to receipt of any correspondence from Plaintiff's attorney.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
Produce a copy of any incident or accident reports or report of accident or injury forms prepared addressing, dealing with, or as the result of the incident in question. This includes a copy of any drafts, hand written versions, corrections or alternative versions to any incident or accident reports prepared as a result of the incident in question. This also includes all attachments to said incident or accident reports.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Produce a copy of any written versions of how the incident in question occurred prepared by PABLO DIAZ VEGA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
The results, reports, and minutes of your company's safety committee and accident review committee in connection with their investigation of the incident in question, if any.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Produce a copy of all reprimands, corrective action, employee evaluations, demotions, promotions, deductions in pay, or disciplinary actions taken against or addressed as a result of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Copies of the following records which pertain to the trip PABLO DIAZ VEGA was making within 72 hours of the incident in question:

   a. any and all daily driver logs;
   b. any and all tachographs and tachometer records;
   c. any and all on-board computer records;
   d. any and all dispatch records;
   e. any and all fax transmissions, driver call-in records, emails, telephone records, or audio tape recordings of any telephone records, mobile radio records, or fax

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 13 of 18
Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

    transmissions regarding any transmission sent to PABLO DIAZ VEGA from FLETES GROUP INTERNATIONAL, LLC or received by PABLO DIAZ VEGA from FLETES GROUP INTERNATIONAL, LLC;

f. any and all cell phone, mobile telephone or mobile radio records;
g. any documents dealing with the weighing of vehicles, equipment maintenance, vehicle repairs, equipment cleaning, special or oversize permits, bridge and/or toll roads, toll receipts, weight receipts, or loading or unloading cost;
h. any and all trip summaries or trip reports;
i. copies of all manifests, inventories, delivery schedules, way bills, freight bills, routing slips, and bills of lading, cargo pick up or delivery orders, or other documents that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by PABLO DIAZ VEGA;
j. any and all credit card receipts;
k. any state fuel or oversize special permits and any related documents or request issued to or by any governmental agency to transport cargo over their territories, or any state (or other political demarcation or jurisdictional boundary) entry and departure records completed by PABLO DIAZ VEGA;
l. any and all gas or fuel receipts, and mileage receipts and/or records. This specifically includes all documents, regardless of form or subject, received from any source such as, but not limited to the organizations known as Comdata, COMCHECK or Cash Control, or generated for Defendants, showing the mileage, date, time, and location of fueling or other purchases PABLO DIAZ VEGA made he was making when the incident in question occurred;
m. any documents showing any purchases by or on behalf of PABLO DIAZ VEGA (including but not limited to gas, food, lodging, drinks, supplies, meal receipts, supplies) during or on any trip made by PABLO DIAZ VEGA on behalf of FLETES GROUP INTERNATIONAL, LLC;
n. any state entry and departure records;
o. all equipment or cargo loading, unloading, or detention records, or any receipts or documents showing any amount paid for lumpers or individuals/companies to unload or load cargo (including the dates and times of same); and
p. all checks, drafts, check stubs, or documents referencing any payments made or reimbursements to PABLO DIAZ VEGA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Please furnish the original and/or an exact copy of any and all contracts of employment/independent contractor and/or indemnity agreements that would govern the relationship between you PABLO DIAZ VEGA on the date of the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Produce a copy of the results of any internal company finding of fault or non-fault or of the cause of the incident in question. This includes, but is not limited to, the factual portion of the motor

13

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 14 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

carrier's internal investigation of this incident and the determination of whether the accident was chargeable against the driver.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
A copy of any document identifying the owner of the tractor and trailer involved in the incident in question, including the title.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Any tangible items recovered from the scene of the incident in question, any vehicle involved in the incident in question, or from the any of the individuals involved in the incident in question. This includes all magazines, bottles, pills, vehicle debris, papers, documents, medicines, etc. recovered from the scene, the inside of the vehicle, or from any of the drivers or witnesses. Plaintiff requests that these items be listed and made available for inspection and copying.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
A copy of all documents that you claim show that Plaintiff's alleged injuries were pre-existing injuries not caused in any part by the Incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
A true and correct copy of any and all tickets, charges, citations, complaints or other court documents or correspondence issued to or filed against PABLO DIAZ VEGA that arose out of the accident made the basis of this lawsuit, and any documents showing the disposition of said ticket or charges, including any pleas and fines paid and by whom the fine(s) were paid.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
A copy of all documentation forwarded by or received by Defendant from or to any police department, Department of Public Safety office, district attorney's office, judge, municipal court, court of law, or prosecutor following the incident in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
A copy of company policies and procedures in place in the six months prior to and including the day of the incident in question dealing with the paperwork that is to be turned in daily, weekly, and monthly by each driver of a commercial vehicle owned by Defendant.

C-0519-17-J

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
Complete and clearly readable copies of the "Driver Qualification File" maintained by FLETES GROUP INTERNATIONAL, LLC on PABLO DIAZ VEGA in its precise state of existence on the date of the incident in question. This includes all documents generated pursuant to Part 391.51 of the Federal Motor Carrier Safety Regulations. Please answer each subsection separately and segregate the documents responsive to each subsection. This includes a request for the following:

  a. any and all applications for employment completed by PABLO DIAZ VEGA. This includes all documentation required by FMCSR 391.21, and Sec. 522.064 of the Texas Transportation Code;
  b. a list of previous employers of PABLO DIAZ VEGA 10 years preceding the date of employee application;
  c. the reasons for leaving said employments;
  d. accident register listing all DOT reportable preventable accidents for the last 10 years;
  e. a copy of the response by each State agency concerning a driver's driving record pursuant to Sec. 391.23(a)(1) of the FMCSR;
  f. the certificate of driver's road test issued to the driver pursuant to Sec. 391.31, or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test pursuant to Sec. 391.33 of the FMCSR;
  g. the response of each State agency to the annual driver record inquiry required by Sec. 391.25(a) of the FMCSR;
  h. any document relating to the annual review of the driving record of PABLO DIAZ VEGA as required by Sec. 391.25 of the FMCSR. This would include a copy of the response from each State agency to the inquiry required by paragraph (a) of Sec. 391.25 of the FMCSR as well as a note including the name of the person who performed the review of the driving record required by paragraph (b) of Sec. 391/25 of the FMCSR and the date of such review;
  i. a copy of any document generated or received as a result of Defendant's inquiry into the driving record of PABLO DIAZ VEGA during each period of employment with Defendant, or while he was working as an independent driver transporting trailers and cargo for Defendant. This includes all documents generated pursuant to FMCSR Sec. 391.25. This also includes copies of any and all reports, documents or profiles ever received by Defendant from a third-party employee screening or database service (including but not limited to: DAC Services or USIS Transportation Services) that in any way pertains to, mentions, or is related to PABLO DIAZ VEGA;
  j. a list or certificate relating to violations of motor vehicle laws and ordinances by Defendant as required by Sec. 391.27 of the FMCSR;
  k. the medical examiner's certificate of PABLO DIAZ VEGA's physical qualification to drive a commercial motor vehicle as required by Sec. 391.43(f) of the FMCSR or a legible photographic copy of the certificate;
  l. any letter from the Regional Director of Motor Carriers granting a waiver of a physical disqualification, if a waiver was issued under Sec. 391.49 of the FMCSR;

15

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 16 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

    m. any and all other contents of PABLO DIAZ VEGA's driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**
Complete and clearly readable copies of any and all other documents added to PABLO DIAZ VEGA's "Driver Qualification File" from 6 months prior to the incident in question to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Complete and clearly readable copies of any and all other documents added to PABLO DIAZ VEGA "Driver Investigation History File" from the date of the incident in question to the present, as presently maintained by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
A copy of any document dealing with any inquiry into the driving record of PABLO DIAZ VEGA from any state in which he held a motor vehicle operator's license or permit prior to his employment by FLETES GROUP INTERNATIONAL, LLC  This includes any document generated pursuant to Sec. 391.23 of the FMCSR.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**
Please furnish (or provide a time and place for this party to inspect, copy or both) the original and/or an exact copy of Defendant's complete personnel file of PABLO DIAZ VEGA.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**
A copy of any company policy, manual, requirements, or procedures in place at the time of the incident in question for a commercial motor vehicle driver of Defendant dealing with:
    a) the vehicle in front of them;
    b) the proper following distance to be maintained by an employee/driver for Defendant driving a commercial vehicle;
    c) driver safety;
    d) your official written policies and procedures relating to your driver education and qualification program;
    e) inspection of the tractor trailer by Defendant and/or drivers;
    f) course of action required upon discovery or notice that the brakes on one of Defendant's trailers are not in proper working order;
    g) observing and complying with traffic signals;

Case 7:17-cv-00077   Document 1-4   Filed on 03/13/17 in TXSD   Page 17 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

    h) right of way of vehicles;
    i) any requirement to prepare and maintain a driver daily log and/or the proper method to be used in filling out a driver daily log;
    j) dealing with the requirement for a driver to keep a driving log and/or driver daily log with them or in their commercial motor vehicle while on any trip;
    k) the maximum driving time and/or driving hours for a commercial motor vehicle driver employed by Defendant during a certain time period;
    l) the maximum number of miles that Defendant allows its drivers to operate a commercial motor vehicle during a certain time period; and/or dealing with the maximum allowable miles to be driven each day, week, or month (or other periodic timeframe) by truck drivers employed by Defendant;
    m) the performance of any periodic audits or reviews of the log books, driver daily logs, or driving log records or summaries of its commercial motor vehicle drivers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**
Produce a copy of all documents, videotapes, manuals or handbooks, (including, but not limited to the "Driver's Handbook", whether known by this name or another) which contain or refer to any training or instructional materials for commercial vehicle drivers employed by Defendant during the time period of 2008 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**
Any indemnity agreement(s) between any parties or potential parties to this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**
Copies of any and all of Plaintiff's medical records, billing records, employment records, earnings records, driving records, documents, reports, and affidavits of records custodians (including, but not limited to medical records, billing records, employment records, earnings records, driving records, documents, reports, and affidavits of records custodians obtained via any deposition by written question) in Defendant's possession.

**RESPONSE:**

### N.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff have judgment against the Defendants in such amount as will compensate for their losses and damages as stated above,

Case 7:17-cv-00077 Document 1-4 Filed on 03/13/17 in TXSD Page 18 of 18

Electronically Filed
2/2/2017 2:53:12 PM
Hidalgo County District Clerks
Reviewed By: Leticia Silva

C-0519-17-J

together with interest, both pre and post-judgment; all costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

By: */s/ R. Todd Elias*
R. Todd Elias
SBN: 00787427
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999
Facsimile: (713) 668-1980
rtelias@geslawfirm.com

and

David H. Square
SBN: 24076013
Square Law Group
302 Kings Hwy, Suite 103
Brownsville, Texas 78521
(956) 621-4632 – Telephone

**ATTORNEYS FOR PLAINTIFF**